Birchard, C. J.
This bill was filed in order to effect a reversal of a decree rendered in this Court in 1846.
The facts are sufficiently stated in the report of the case in the 15th Ohio Reports, 572.
The cause has been again argued and considered, and I am instructed again to report the opinion of this Court, affirming the original decision. I was willing to bring the cause again into bank, and to undergo the labor of re-examining it, to avoid *355 the effect of some expressions, which through haste and want of proper care, found their way into the report and are well calculated to mislead the profession in forming an opinion the grounds upon which the case was decided. It was not intended in the original opinion to advance the doctrine that any thing which would bar an action in favor of Putnam, would necessarily operate to bar the claim of a co-surety for contribution ; and in so far as my former opinion is supposed to favor such doctrine, it does neither express the views of myself or of the residue of the Court. The case was not determined on that ground. We were not indeed able to say that any statute of limitation would have operated to bar a suit upon the note by Putnam against either of the makers. That was a point upon which this Court had been equally divided. The true ground upon which the bill was dismissed was the great lapse of time which had rendered it impossible to produce proof of the true facts, and the conduct of the parties to the paper. The obligation had been over due for thirty-eight years. It had been treated by the obligee as though Williamson was the person who ought to make the payment. After he had paid ($ 1200 he waited twenty years without claiming that either of the co-obligors were liable to contribute any thing to him.. This looked as if he alone expected to pay the debt. There was no satisfactory excuse for- this conduct. The presumption from it was and is, that many years ago Williamson took the burthen of the payment upon himself, and that if he had discharged the judgment at a proper time, some of those who lived thirty or forty years ago, but who have long since gone to their graves, would have been able to prove facts showing that Williamson had no equitable claim against any of these deceased co-obligors. Upon such a state of facts, after such a lapse of time, we were satisfied an implied assumpsit to contribute could not with propriety be raised and enforced.

Demurrer sustained and Bill dismissed.